**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH SEFKOW, Individually and as next friend of D.S., a minor, and ADAM SEFKOW, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 2019 CV 4770 |
| | ) |
| AMERICAN AIRLINES, INC., ENVOY AIR, INC.) d/b/a AMERICAN EAGLE, BOMBARDIER AEROSPACE CORPORATION f/k/a CANADAIR CHALLENGER, INC., AND BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., | ) Circuit Court of Cook County, Illinois ) Case No. 2019 L 006271 ) ) ) |
| | ) |
| Defendant. | ) |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW**

NOW COME the Defendants, AMERICAN AIRLINES, INC. and ENVOY AIR INC., by and through their attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and for their Answer to Plaintiffs' First Amended Complaint at Law, state as follows:

**COUNT I – AMERICAN AIRLINES, INC. – COMMON CARRIER NEGLIGENCE**

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one year old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count I, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. On and before June 18, 2017, Plaintiff, Elizabeth Sefkow (hereinafter, "Elizabeth") was the mother of Dean.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count I, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

3. On and before June 18, 2017, Defendant, American Airlines (hereinafter, "AA") was engaged in the business of providing commercial air transportation to the public in exchange for a fee.

**ANSWER: Defendant admits that it was a commercial airline that transacted business in the State of Illinois. Defendant denies the remaining allegations contained in Count I, Paragraph 3 of the Plaintiffs' First Amended Complaint at Law.**

4. At all relevant times herein, AA conducted its business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits the allegations contained in Count I, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law.**

5. On June 18, 2017, Dean was a passenger on AA's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth and Adam Sefkow (hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms, who was seated in one of the airplane's seats.

**ANSWER: Defendant admits that Plaintiffs were passengers on the subject flight. Defendant denies the remaining allegations contained in Count I, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law.**

6. On and before June 18, 2017, AA owed a duty to its passengers, including Dean, to use the highest degree of care in the maintenance, repair, inspection, and operation of its aircraft and to ensure that its aircraft was safe for its passengers.

**ANSWER: Defendant denies the allegations contained in Count I, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

7. On and/or before June 18, 2017, AA breached its duty of care in one or more of the following ways:

a. AA failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. AA failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. AA failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. AA failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. AA failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. AA failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. AA failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. AA failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. AA failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. AA failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. AA allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER: Defendant denies the allegations contained in Count I, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law, including subparagraphs (a) through (k).**

8. As direct and proximate result of one or more of the foregoing acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER: Defendant denies the allegations contained in Count I, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

9. As a direct and proximate result of the foregoing occurrence, Dean sustained permanent and severe personal injuries; has and will continue to incur future hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, emotional distress, disfigurement, loss of a normal life, disability, increased risk of harm, loss of future earning capacity and other injuries and damages of a personal and pecuniary nature.

**ANSWER: Defendant denies the allegations contained in Count I, Paragraph 9 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, AMERICAN AIRLINES, INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

## COUNT II-AMERICAN AIRLINES, INC.-NEGLIGENCE

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count II, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. On and before June 18, 2017, Plaintiff, Elizabeth Sefkow (hereinafter, "Elizabeth") was the mother of Dean.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count II, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

3. At all relevant times herein, American Airlines, Inc. ("AA") conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits the allegations contained in Paragraph 3 of the Plaintiffs' First Amended Complaint at Law.**

4. On June 18, 2017, Dean was a passenger on AA's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth and Adam Sefkow (hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant admits that Plaintiffs were passengers on the subject flight. Defendant denies the remaining allegations contained in Count II, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law.**

5. On and before June 18, 2017, AA owed a duty to its passengers, including Dean, to use reasonable care and to ensure that its aircraft was safe for its passengers.

**ANSWER:** **Defendant denies the allegations contained in Count II, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

6. On and/or before June 18, 2017, AA breached its duty of care in one or more of the following ways:

a. AA failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. AA failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. AA failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. AA failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. AA failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. AA failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. AA failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. AA failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. AA failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. AA failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. AA allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER: Defendant denies the allegations contained in Count II, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law, including subparagraphs (a) through (k).**

7. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER: Defendant denies the allegations contained in Count II, Paragraph 7 of Plaintiffs' First Amended Complaint at Law.**

8. As a direct and proximate result of the foregoing occurrence, Dean sustained permanent and severe personal injuries; has and will continue to incur future hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, emotional distress, disfigurement, loss of a normal life, disability, increased risk of harm, loss of future earning capacity and other injuries and damages of a personal and pecuniary nature.

**ANSWER: Defendant denies the allegations contained in Count II, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, AMERICAN AIRLINES, INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

### COUNT III-AMERICAN AIRLINES, INC.-FAMILY MEDICAL EXPENSE ACT

1-9. Elizabeth repeats, realleges and incorporates by reference Paragraphs 1 through 9 of Count I as if fully set forth herein.

**ANSWER: Defendant repeats and restates the answers to the allegations contained in Paragraphs 1 through 9 of Count I of the Plaintiff's Complaint at Law, as answers to allegations 1 through 9 of Count III, as though set forth herein.**

10-18. Elizabeth repeats, realleges and incorporates by reference Paragraphs 1 through 8 of Count II as if fully set forth herein.

**ANSWER: Defendant repeats and restates the answers to the allegations contained in Paragraphs 10 through 18 of Count II of the Plaintiff's Complaint at Law, as answers to allegations 10 through 18 of Count III, as though set forth herein.**

19. At all relevant times herein, Elizabeth was the lawful parent and guardian of DEAN SEFKOW, a minor (DOB: 4/16/2016).

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count III, Paragraph 19 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demand strict proof thereof.**

20. At all relevant times herein, there was in full force and effect in the State of Illinois a statute known as the Family Medical Expense Act (750 ILCS 65/15).

**ANSWER: Defendant acknowledges only the existence of The Rights of Married Persons Act, 750 ILCS 65/15, which has been colloquially referred to as the Family Medical Expense Act.**

21. The Family Medical Expense Act states in relevant part, "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or either of them, in favor of creditors therefore, and in relation thereto they may be used jointly or separately."

**ANSWER: Defendant admits that the above language is included in part (a)(1) of 750 ILCS 65/15 (a)(1). Defendant denies the remaining allegations.**

22. Medical expenses are properly considered to be "expenses of the family" under the Family Medical Expense Act.

**ANSWER: Defendant denies the allegation contained in Count III, Paragraph 22 of the Plaintiffs' Second Amended Complaint. The statute speaks for itself.**

23. As a direct and proximate result of the Defendant, American Airlines, Enc.'s negligent acts and/or omissions and Dean's resultant injuries, Elizabeth has been caused to expend and become liable for, and will expend and become liable for, large sums of money for medical care and services for Dean.

**ANSWER: Defendant denies the allegations contained in Count III, Paragraph 23 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, AMERICAN AIRLINES, INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

## COUNT IV-AMERICAN AIRLINES, INC.-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count IV, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. At all relevant times herein, American Airlines, Inc. ("AA") conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits the allegations contained in Count IV, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law.**

3. On June 18, 2017, Dean was a passenger on AA's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth and Adam Sefkow (hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant admits that Plaintiffs were passengers on the subject flight. Defendant denies the remaining allegations contained in Count IV, Paragraph 3 of the Plaintiffs' First Amended Complaint at Law.**

4. On and before June 18, 2017, AA owed a duty to its passengers, including Dean and Elizabeth, to use reasonable care and to ensure that its aircraft was safe for its passengers.

**ANSWER: Defendant denies the allegations contained in Count IV, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

5. On and/or before June 18, 2017, AA breached its duty of care in one or more of the following ways:

a. AA failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. AA failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. AA failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. AA failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. AA failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. AA failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. AA failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. AA failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. AA failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. AA failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. AA allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER:** **Defendant denies the allegations contained in Count IV, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law, including subparagraphs (a) through (k).**

6. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER:** **Defendant denies the allegations contained in Count IV, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law.**

7. At the time of the occurrence, Elizabeth was holding Dean in her arms and within the zone of physical danger as she was seated adjacent to the subject aircraft seat armrest. Due to the Elizbeth's proximity to the subject armrest and the location of Dean's incident, there was also a high risk of physical impact to Elizbeth.

**ANSWER:** **Defendant denies the allegations contained in Count IV, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law.**

11

8. At the time of the incident, Elizabeth heard Dean scream and cry out in agony as his right pinky finger was chopped off by the aircraft seat armrest. Elizabeth then observed Dean bleeding profusely from his hand.

**ANSWER: Defendant denies the allegations contained in Count IV, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

9. Following the incident, Elizabeth had to wait with Dean, who was still in excruciating pain and bleeding, while the crew attempted to locate Dean's amputated finger.

**ANSWER: Defendant denies the allegations contained in Count IV, Paragraph 9 of the Plaintiffs' First Amended Complaint at Law.**

10. As a direct and proximate result of witnessing the occurrence and its aftermath, Elizabeth sustained mental and emotional distress and psychiatric trauma. This emotional distress has manifested in physical injury, including but not limited to anxiety, extreme fear, depression and other functional and emotional disturbances.

**ANSWER: Defendant denies the allegations contained in Count IV, Paragraph 10 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, AMERICAN AIRLINES, INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

## COUNT V-AMERICAN AIRLINES, INC.-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count V, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

12

2. At all relevant times herein, American Airlines, Inc. ("AA") conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits the allegations contained in Count V, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law.**

3. On June 18, 2017, Dean was a passenger on AA's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth Sefkow (hereinafter, "Elizabeth") and Adam Sefkow (hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 3 of the Plaintiffs' First Amended Complaint at Law.**

4. On and before June 18, 2017, AA owed a duty to its passengers, including Dean and Adam, to use reasonable care and to ensure that its aircraft was safe for its passengers.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

5. On and/or before June 18, 2017, AA breached its duty of care in one or more of the following ways:

a. AA failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. AA failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. AA failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. AA failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. AA failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. AA failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. AA failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. AA failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. AA failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. AA failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. AA allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law, including paragraphs (a) through (k).**

6. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law.**

7. At the time of the occurrence, Adam was seated directly next to Elizabeth, who was holding Dean in her arms, and within the zone of physical danger as she was seated adjacent to

the subject aircraft seat armrest. Due to the Adam's proximity to the subject armrest and the location of Dean's incident, there was also a high risk of physical impact to Adam.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law.**

8. At the time of the occurrence, Adam heard Dean scream and cry out in agony as his right pinky finger was chopped off by the aircraft seat armrest. Adam then observed Dean bleeding profusely from his hand.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

9. Following the incident, Adam had to wait with Dean, who was still in excruciating pain and bleeding, while the crew attempted to locate Dean's amputated finger.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 9 of the Plaintiffs' First Amended Complaint at Law.**

10. As a direct and proximate result of witnessing the occurrence and its aftermath, Adam sustained mental and emotional distress and psychiatric trauma. This emotional distress has manifested in physical injury, including but not limited to anxiety, extreme fear, depression and other functional and emotional disturbances.

**ANSWER: Defendant denies the allegations contained in Count V, Paragraph 10 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, AMERICAN AIRLINES, INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

## COUNT VI-ENVOY AIR INC. - COMMON CARRIER NEGLIGENCE

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count VI, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. On and before June 18, 2017, Plaintiff, Elizabeth Sefkow (hereinafter, "Elizabeth") was the mother of Dean.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count VI, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

3. On and before June 18, 2017, Defendant, Envoy Air, Inc. (hereinafter, "Envoy") was engaged in the business of providing commercial air transportation to the public in exchange for a fee.

**ANSWER: Defendant only admits that it was a commercial airline that transacted business in the State of Illinois. Defendant denies the remaining allegations contained in Count VI, Paragraph 3 of the Plaintiffs' First Amended Complaint at Law.**

4. At all relevant times herein, Envoy conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits the allegations contained in Count VI, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law.**

5. On June 18, 2017, Dean was a passenger on Envoy's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth and Adam Sefkow

16

(hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant admits that Plaintiffs were passengers on the subject flight operated by Envoy Air Inc. Defendant denies the remaining allegations contained in Count VI, Paragraph 5 of Plaintiffs' First Amended Complaint at Law.**

6. On and before June 18, 2017, AA owed a. duty to its passengers, including Dean, to use the highest degree of care in the maintenance, repair, inspection, and operation of its aircraft and to ensure that its aircraft was safe for its passengers.

**ANSWER: Defendant denies the allegations contained in Count VI, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

7. On and/or before June 18, 2017, Envoy breached its duty of care in one or more of the following ways:

a. Envoy failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. Envoy failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. Envoy failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;
d. Envoy failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. Envoy failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. Envoy failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. Envoy failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. Envoy failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. Envoy failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. Envoy failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. Envoy allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER:** **Defendant denies the allegations contained in Count VI, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law, including paragraphs (a) through (k).**

8. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER:** **Defendant denies the allegations contained in Count VI, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

9. As a direct and proximate result of the foregoing occurrence, Dean sustained permanent and severe personal injuries; has and will continue to incur future hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, emotional distress, disfigurement, loss of a normal life, disability, increased risk of harm, loss of future earning capacity and other injuries and damages of a personal and pecuniary nature.

**ANSWER:** **Defendant denies the allegations contained in Count VI, Paragraph 9 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, ENVOY AIR INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

### COUNT VII-ENVOY AIR INC. - NEGLIGENCE

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count VII, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. On and before June 18, 2017, Plaintiff, Elizabeth Sefkow (hereinafter, "Elizabeth") was the mother of Dean.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count VII, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demand strict proof thereof.**

3. At all relevant times herein, Defendant, Envoy Air, Inc. d/b/a/ American Eagle (hereinafter, "Envoy") conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant only admits that it was a commercial airline that transacted business in the State of Illinois. Defendant denies the remaining allegations contained in Count VI, Paragraph 3 of the Plaintiffs' First Amended Complaint at Law.**

4. On June 18, 2017, Dean was a passenger on Envoy's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth and Adam Sefkow

(hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant admits only that Plaintiffs were passengers on the subject flight operated by Envoy Air Inc. Defendant denies the remaining allegations contained in Count VI, Paragraph 4 of Plaintiffs' First Amended Complaint at Law.**

5. On and before June 18, 2017, Envoy owed a duty to its passengers, including Dean, to use reasonable care and to ensure that its aircraft was safe for its passengers.

**ANSWER: Defendant denies the allegations contained in Count VI, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

6. On and/or before June 18, 2017, Envoy breached its duty of care in one or more of the following ways:

a. Envoy failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. Envoy failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. Envoy failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. Envoy failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. Envoy failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. Envoy failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. Envoy failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. Envoy failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. Envoy failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. Envoy failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. Envoy allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER: Defendant denies the allegations contained in Count VI, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law, including paragraphs (a) through (k).**

7. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER: Defendant denies the allegations contained in Count VI, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law.**

8. As a direct and proximate result of the foregoing occurrence, Dean sustained permanent and severe personal injuries; has and will continue to incur future hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, emotional distress, disfigurement, loss of a normal life, disability, increased risk of harm, loss of future earning capacity and other injuries and damages of a personal and pecuniary nature.

**ANSWER: Defendant denies the allegations contained in Count VI, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, ENVOY AIR INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

### COUNT VIII-ENVOY AIR INC. - FAMILY MEDICAL EXPENSE ACT

1-9. Elizabeth repeats, realleges and incorporates by reference Paragraphs 1 through 9 of Count III as if fully set forth herein.

**ANSWER: Defendant repeats and restates the answers to the allegations contained in paragraphs 1 through 9 of Count III of the Plaintiff's Complaint at Law, as answers to allegations 1 through 9 of Count VIII, as though set forth herein.**

10-18. Elizabeth repeats, realleges and incorporates by reference Paragraphs 1 through 8 of Count IV as if fully set forth herein.

**ANSWER: Defendant repeats and restates the answers to the allegations contained in paragraphs 10 through 18 of Count IV of the Plaintiff's Complaint at Law, as answers to allegations 10 through 18 of Count VIII, as though set forth herein.**

19. At all relevant times herein, Elizabeth was the lawful parent and guardian of DEAN SEFKOW, a minor (DOB: 4/16/2016).

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count VIII, Paragraph 19 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

20. At all relevant times herein, there was in full force and effect in the State of Illinois a statute known as the Family Medical Expense Act (750 ILCS 65/15).

**ANSWER: Defendant acknowledges only the existence of The Rights of Married Persons Act, 750 ILCS 65/15, which has been colloquially referred to as the Family Medical Expense Act.**

21. The Family Medical Expense Act states in relevant part, "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or either of them, in favor of creditors therefore, and in relation thereto they may be used jointly or separately."

**ANSWER: Defendant admits that the above language is included in part (a)(1) of 750 ILCS 65/15 (a)(1). Defendant denies the remaining allegations.**

22. Medical expenses are properly considered to be "expenses of the family" under the Family Medical Expense Act.

**ANSWER: Defendant denies the allegation contained in Count VIII, Paragraph 22 of the Plaintiffs' First Amended Complaint. The statute speaks for itself.**

23. As a direct and proximate result of the Envoy Air, Inc.'s negligent acts and/or omissions and Dean's resultant injuries, Elizabeth has been caused to expend and become liable for, and will expend and become liable for, large sums of money for medical care and services for Dean.

**ANSWER: Defendant denies the allegations contained in Count VIII, Paragraph 23 of the Plaintiffs' First Amended Complaint.**

**WHEREFORE**, the Defendant, ENVOY AIR INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

## COUNT IX-ENVOY AIR INC. - NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS

1. On June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count IX, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. At all relevant times herein, Defendant, Envoy Air, Inc. d/b/a/ American Eagle (hereinafter, "Envoy") conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits that it was a commercial airline that transacted business in the State of Illinois. Defendant denies the remaining allegations contained in Count IX, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law.**

3. On June 18, 2017, Dean was a passenger on Envoy's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth and Adam Sefkow (hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant admits that Plaintiffs were passengers on the subject flight operated by Envoy Air Inc. Defendant denies the remaining allegations contained in Count IX, Paragraph 3 of Plaintiffs' First Amended Complaint at Law.**

4. On and before June 18, 2017, Envoy owed a duty to its passengers, including Dean and Elizabeth, to use reasonable care and to ensure that its aircraft was safe for its passengers.

**ANSWER:** **Defendant denies the allegations contained in Count IX, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

5. On and/or before June 18, 2017, Envoy breached its duty of care in one or more of the following ways:

a. Envoy failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. Envoy failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. Envoy failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. Envoy failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. Envoy failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. Envoy failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. Envoy failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. Envoy failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. Envoy failed to comply with Federal Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. Envoy failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. Envoy allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER: Defendant denies the allegations contained in Count IX, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law, including subparagraph (a) through (k).**

6. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER: Defendant denies the allegations contained in Count IX, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law.**

7. At the time of the occurrence, Elizabeth was holding Dean in her arms and within the zone of physical danger as she was seated adjacent to the subject aircraft seat armrest. Due to the Elizbeth's proximity to the subject armrest and the location of Dean's incident, there was also a high risk of physical impact to Elizbeth.

**ANSWER: Defendant denies the allegations contained in Count IX, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law.**

8. At the time of the occurrence, Elizabeth heard Dean scream and cry out in agony as his right pinky finger was chopped off by the aircraft seat armrest. Elizabeth then observed Dean bleeding profusely from his hand.

**ANSWER: Defendant denies the allegations contained in Count IX, Paragraph 8 of the Plaintiffs' First Amended Complaint at Law.**

9. Following the occurrence, Elizabeth had to wait with Dean, who was still in excruciating pain and bleeding, while the crew attempted to locate Dean's amputated finger.

**ANSWER: Defendant denies the remaining allegations contained in Count IX, Paragraph 9 of the Plaintiffs' First Amended Complaint at Law.**

26

10. As a direct and proximate result of witnessing the occurrence and its aftermath, Elizabeth sustained mental and emotional distress and psychiatric trauma. This emotional distress has manifested in physical injury, including but not limited to anxiety, extreme fear, depression and other functional and emotional disturbances.

**ANSWER: Defendant denies the allegations contained in Count IX, Paragraph 10 of the Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, ENVOY AIR, INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

## COUNT X-ENVOY AIR INC. - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. June 18, 2017, Dean Sefkow (hereinafter, "Dean") was one years old.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count X, Paragraph 1 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demands strict proof thereof.**

2. At all relevant times herein, Defendant, Envoy Air, Inc. d/b/a/ American Eagle (hereinafter, "Envoy") conducted business operations, including the transportation of passengers, maintenance and inspection of aircraft and component parts, in and throughout Cook County, Illinois.

**ANSWER: Defendant admits that it was a commercial airline that transacted business in the State of Illinois. Defendant denies the remaining allegations contained in Count X, Paragraph 2 of the Plaintiffs' First Amended Complaint at Law.**

3. On June 18, 2017, Dean was a passenger on Envoy's CRJ-700 Canadair Regional Jet (hereinafter, "aircraft") (AA Flight No. 3821) with his parents, Elizabeth Sefkow (hereinafter,

27

"Elizabeth") and Adam Sefkow (hereinafter, "Adam"). During this time, the plane was still at the gate and Dean was in his mother's arms who was seated in one of the airplane's seats.

**ANSWER: Defendant admits that Plaintiffs were passengers on the subject flight operated by Envoy Air Inc. Defendant denies the remaining allegations contained in Count X, Paragraph 3 of Plaintiffs' First Amended Complaint at Law.**

4. On and before June 18, 2017, Envoy owed a duty to its passengers, including Dean and Adam, to use reasonable care and to ensure that its aircraft was safe for its passengers.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 4 of the Plaintiffs' First Amended Complaint at Law, and further avers that it complied with all duties and responsibilities imposed by the applicable law.**

5. On and/or before June 18, 2017, Envoy breached its duty of care in one or more of the following ways:

a. Envoy failed to inspect the aircraft's seats and component parts, including but not limited to the aircraft's seat armrests, for pinch point hazards;

b. Envoy failed to warn passengers of pinch point hazards associated with the aircraft's seats and armrests;

c. Envoy failed to guard and/or remediate pinch point hazards associated with its aircraft's seats and armrests;

d. Envoy failed to maintain the aircraft in such a way to ameliorate or eliminate the pinch point hazard associated with the aircraft's seat armrests;

e. Envoy failed to follow accepted industry custom and practice in the inspection and maintenance of the aircraft's armrests;

f. Envoy failed to follow accepted industry custom and practice in warning of pinch point hazards associated with the aircraft's armrests;

g. Envoy failed to follow accepted industry custom and practice relating to guarding and/or remediating pinch point hazards associated with the aircraft's armrests;

h. Envoy failed to properly and adequately repair the pinch point hazard associated with its aircraft's armrests;

i. Envoy failed to comply with Federal. Aviation Administration (FAA) Regulations and Rules in inspecting, maintaining, warning, guarding, repairing and/or remediating the pinch point hazards associated with the aircraft's armrests;

j. Envoy failed to take any steps to protect infants and children from the pinch point hazard associated with aircraft's armrests; and/or

k. Envoy allowed and permitted the armrest in question to remain in an unreasonably dangerous condition; in that it allowed the armrest to act as a pinch point slicing apparatus by not having any warnings and/or guards to prevent the same.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 5 of the Plaintiffs' First Amended Complaint at Law, including subparts (a) through (k).**

6. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Dean's right pinky finger was instantaneously amputated after movement of the armrest.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 6 of the Plaintiffs' First Amended Complaint at Law.**

7. At all relevant times herein, Adam was the lawful parent and guardian of Dean.

**ANSWER: Defendant does not have knowledge sufficient to form a belief as to the truth of the allegations contained in Count X, Paragraph 7 of the Plaintiffs' First Amended Complaint at Law, and therefore, makes no answer and demand strict proof thereof.**

8. At the time of the occurrence, Adam was seated directly next to Elizabeth, who was holding Dean in her arms, and within the zone of physical danger as she was seated adjacent to the subject aircraft seat armrest. Due to the Adam's proximity to the subject armrest and the location of Dean's incident, there was also a high risk of physical impact to Adam.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 8 of Plaintiffs' First Amended Complaint at Law.**

9. At the time of the occurrence, Adam heard Dean scream and cry out in agony as his right pinky finger was chopped off by the aircraft seat armrest. Adam then observed Dean bleeding profusely from his hand.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 9 of the Plaintiffs' First Amended Complaint at Law.**

10. Following the incident, Adam had to wait with Dean, who was still in excruciating pain and bleeding, while the crew attempted to locate Dean's amputated finger.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 10 of the Plaintiffs' First Amended Complaint at Law.**

11. As a direct and proximate result of witnessing the occurrence and its aftermath, Adam sustained mental and emotional distress and psychiatric trauma. This emotional distress has manifested in physical injury, including but not limited to anxiety, extreme fear, depression and other functional and emotional disturbances.

**ANSWER: Defendant denies the allegations contained in Count X, Paragraph 11 of Plaintiffs' First Amended Complaint at Law.**

**WHEREFORE**, the Defendant, ENVOY AIR INC., state that the Plaintiffs are not entitled to judgement in any sum whatsoever and ask this Honorable Court to dismiss this cause with prejudice and costs.

### COUNT XI-BOMBARDIER AEROSPACE CORPORATION f/k/a/ CANADAIR CHALLENGER, INC.-NEGLIGENCE

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## COUNT XII- BOMBARDIER AEROSPACE CORPORATION f/k/a/ CANADAIR CHALLENGER, INC. -FAMILY MEDICAL EXPENSE ACT

These Defendants makes no answer to Count XII of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## COUNT XIII-BOMBARDIER AEROSPACE CORPORATION f/k/a CANADAIR CHALLENGER, INC.-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## COUNT XIV-BOMBARDIER AEROSPACE CORPORATION f/k/a/ CANADAIR CHALLENGER, INC.-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## COUNT XV-BOMBARDIER TRANSPORATION (HOLDINGS) USA, INC.- NEGLIGENCE

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## COUNT XVI- BOMBARDIER TRANSPORATION (HOLDINGS) USA, INC.- FAMILY MEDICAL EXPENSE ACT

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## COUNT XVII- BOMBARDIER TRANSPORATION (HOLDINGS) USA, INC.- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

**COUNT XVIII- DEFENDANT, BOMBARDIER AEROSPACE TRANSPORTATION (HOLDINGS) USA, INC. -NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

These Defendants makes no answer to Count XI of Plaintiffs' Complaint, as it is not directed to these answering Defendants.

## AFFIRMATIVE DEFENSES

**NOW COME**, The Defendants, AMERICAN AIRLINES, INC. and ENVOY AIR INC., by and through their attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and in addition to and in alternative to their Answer to the Plaintiffs' First Amended Complaint at Law, set forth the following Affirmative Defenses.

## CONTRIBUTORY NEGLIGENCE

1.      Plaintiffs, ELIZABETH SEFKOW, individually and as next friend of DEAN SEFKOW, a minor, and ADAM SEFKOW, allege that on June 18, 2017, they were passengers on Flight 3821.

2.      Plaintiffs allege that on June 18, 2017, DEAN SEKFOW's right pinky finger was instantaneously amputated after movement of the armrest.

3.      On June 18, 2017, Plaintiffs, ELIZABETH SEFKOW, individually and as next friend of DEAN SEFKOW, a minor, and ADAM SEFKOW, had a duty to act with ordinary and reasonable care for their own safety and the safety of their minor child.

4.      In spite of this duty to use ordinary and reasonable care, Plaintiffs Elizabeth Sefkow and Adam Sefkow, real parties in interest, were negligent in that they failed to use ordinary care for their own safety and the safety of their minor child in one or more of the following respects:

(a)     Negligently failed to exercise reasonable and ordinary care when repositioning or moving the arm rest;

(b)      Negligently failed to use reasonable and/or careful attention relating to the location of DEAN SEFKOW's extremities while operating the arm rest;

(c)      Negligently failed to use reasonable and ordinary care in ensuring that DEAN SEFKOW's extremities were free and clear from the arm rest before repositioning it;

(d)      Negligently failed to use ordinary and reasonable care in the care, supervision and protection of their child;

(e)      Negligently repositioned the arm rest while DEAN SEFKOW's hand and finger was at or near the mechanisms of the arm rest;

(f)      Negligently failed to supervise and know the whereabouts of DEAN SEFKOW's arms and fingers before operating the arm rest;

(g)      The alleged defect or dangerous condition was open and obvious;

(h)      The Plaintiffs assumed the risk associated with operating the arm rest;

(i)      Were otherwise careless and/or negligent.

5.      As a proximate cause of the Plaintiffs failure to use ordinary and reasonable care, Plaintiffs now complain that their minor child sustained serious permanent and severe personal injuries and pecuniary loss, and that Plaintiffs Elizabeth Sefkow and/or Adam Sefkow suffered emotional distress.

6.      The conduct of Plaintiffs Elizabeth Sefkow and/or Adam Sefkow was the sole proximate cause of the injuries and damages alleged.

7.      In the alternative, the Plaintiffs' Elizabeth Sefkow and Adam Sefkow comparative fault was greater than 50% of the total fault of the occurrence.

8.      In the alternative, the comparative fault of the Plaintiffs is ascertained to a certain percentage of total fault by the finder of fact.

**WHEREFORE**, The Defendant, AMERICAN AIRLINES, INC. and ENVOY AIR INC., request this Court to award judgment in their favor and against the Plaintiffs for all claims. In the alternative, Defendants request the Court to bar Plaintiffs from any recovery for all claims

should Plaintiffs' comparative fault be greater than 50% of the total fault of the occurrence. In the alternative, Defendants request the Court to reduce any recovery by the Plaintiffs by the percentage of faults attributable to the Plaintiffs for all claims.

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

By: **/s/ Robert E. Sidkey**

One of the Attorneys for Defendants,
American Airlines, Inc. and Envoy Air Inc.

Robert E. Sidkey (ARDC #6271444)
Maureen E. Napleton (ARDC # 6324404)
CUNNINGHAM, MEYER & VEDRINE, P.C.
One E. Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
rsidkey@cmvlaw.com
mnapleton@cmvlaw.com